

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Austin, Texas

Dear Sir:

Attention:  Mr. Ralph A. Buell

Opinion No. O-1281
Re: Contents of Certificate of
Title required under House
Bill 407, Acts of the 46th
Legislature.

We acknowledge receipt of your letter of August 16, 1939, requesting the opinion of this Department upon the following question:

"Should liens placed only on tires, radios, parts and accessories, and not against the motor vehicle, be noted on the Certificate of Title."

Section 1 of House Bill 407, Acts of the 46th Legislature, reads as follows:

"This Act shall be referred to, cited, and known as the 'Certificate of Title Act,' and in the enactment hereof it is hereby declared to be the legislative intent and public policy of this State to lessen and prevent the theft of motor vehicles, and the importation into this State of and traffic in stolen motor vehicles, and the sale of encumbered motor vehicles without the enforced disclosure to the purchaser of any and all liens for which any such motor vehicle or the tires, radios, parts, or appliances thereof stands as security, and the provisions hereof, singularly and collectively, are to be liberally construed to that end.  The following terms as herein defined shall control in the enforcement and construction of this Act."

. . . . . . . . . . . . . . . . . . . . . . . . IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Section 3 of the Act defines the term "lien" as "every kind of lease, conditional sales contract, deed of trust, chattel mortgage, trust receipt, reservation of title, or other written instrument of whatsoever kind or character whereby an interest, other than absolute title, is sought to be held or given in a motor vehicle, also any lien created or given by Constitution or Statute."

Section 24 of the Act defines the term "Certificate of Title" and provides for the contents of such certificate. Section 24 in its entirety reads as follows:

"The term 'Certificate of Title' means a written instrument which may be issued solely by and under the authority of the Department, and which must give the following data together with such other data as the Department may require from time to time:

"(a) The name and address of the purchaser and seller at first sale or transferee and transferer at any subsequent sale.

"(b) The make

"(c) The body type

"(d) The motor number

"(e) The serial number

"(f) The number of the license plates currently assigned thereto and the State of issuance, whether in this or any other State.

"(g) The names and addresses and dates of any liens on the motor vehicle, in chronological order of recordation.

"(h) If no liens are registered on the motor vehicle, a statement of such fact.

"(i) A space for the signature of the owner and the owner shall write his name with pen and ink in such space upon receipt of the certificate."

Neither Section 3 nor Section 24 of House Bill 407 makes any reference to liens or mortgages given on the tires, radios, parts or accessories of automobiles. The language of Section 1, however, discloses the unmistakable intent on the part of the Legislature to provide for the disclosure in the Certificate of Title of any and all liens given on the motor vehicle, tires, radio, parts or appliances, and it is evident that the Legislature intended to include as "liens on the motor vehicle" liens or chattel mortgages secured by tires, radios, parts or accessories, evidently considering such liens on accessories as component parts of the whole. This intention is also disclosed by reference to the first clause of the caption of House Bill 407, which reads as follows:

"AN ACT to provide for the issuance of certificates of title covering motor vehicles and their parts . . ."

While it is possible that confusion might result in considering the sections of the Bill separately, or as segregated units, yet when the sections of the Bill are construed and read together the purpose of the act becomes clear and the conclusion is inescapable that liens and mortgages on the accessories above are to be included in the Certificate of Title.

It is, therefore, the opinion of this Department that liens placed only on tires, radios, parts and accessories should be noted on the Certificate of Title as "liens on the motor vehicle", under Section 24 (g) of House Bill 407.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s) Ross Carlton
       Ross Carlton
       Assistant

RC:LM

APPROVED SEP 16, 1939
(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
BY: B. W. B.
    CHAIRMAN